IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROBERT HEIZELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ADA COUNTY DEPUTIES, and JOHN DOES, | ) ) ) | Case No. CV07-127-S-EJL |
| | ) | INITIAL REVIEW ORDER |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      Pending before the Court is the review of Plaintiff's Prisoner Civil Rights Complaint (Complaint) to determine whether the allegations of the Complaint are subject to summary dismissal under 28 U.S.C § 1915(e)(2). Plaintiff also filed the following motions: (1) Motion for Leave to Proceed in Forma Pauperis (Docket No. 1); (2) Motion to Amend/Correct Complaint (Docket No. 5, 6); (3) Motion to Expedite (Docket No. 7); (4) Motion for Settlement (Docket No. 10); (5) Motion to Expand Lawsuit (Docket No. 12); (6) Motion to Amend/Correct Complaint (Docket No. 13); (7) Motion for Preliminary Injunction (Docket No. 14); (8) Motion for Transfer (Docket No. 15); (9) Motion for Initial Review (Docket No. 16); (10) Motion for Order to Show Cause (Docket No. 17); and (11) Motion Re Documents (Docket No. 18). Having carefully reviewed the record, and otherwise being fully informed,

**ORDER-1**

the Court has determined that Plaintiff's Complaint fails to adequately allege Due Process and Eighth Amendment claims against the unknown Defendants. Accordingly, Plaintiff will be allowed to file an amended complaint in accordance with the guidelines set forth below.

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC). He is presently incarcerated at the Idaho Maximum Security Institution (IMSI). He filed his lawsuit against the following Defendants: (1) John Does; and (2) Deputies at the Ada County Sheriff's Office. *Complaint*, p. 1-2. He alleges that he has a history of psychiatric disorders and that he has been hospitalized in Blackfoot, Idaho against his will. *Complaint*, p. 5. He claims that he was forced to take psychotropic medications as part of a suspended criminal sentence. He also alleges that he was over medicated at the time he received his prison sentence. *Id*. It appears that the criminal conviction occurred in 1999.

Plaintiff also alleges that he was committed to Cottonwood Hospital in Orofino during April of 2003, and he was force medicated. *Id*., p. 6. He claims that he could not remember any details about his hospitalizations and incarceration in various facilities until October of 2006 because the side effects of the psychiatric medications were so severe. He also claims that he was held in an isolation cell for over a year. He alleges that "once his eyes were opened" to what had happened to him, he filed a state tort claim. *Id*., p. 7. He alleges that he had the right to refuse the medication he was forced to take in 1999 and 2003.

Plaintiff also asserts that he was not properly represented in his criminal action. He

ORDER-2

claims that he was unable to pursue an appeal of his conviction because he was incapacitated by the forced medication. He further alleges that he was unable to contact his attorney about the post-conviction relief he wanted to pursue. *Id.*, p. 3.

Plaintiff has filed numerous motions in this action, and it appears that many of the documents he has filed pertain to a lawsuit he filed in Idaho state court. *See Docket No. 8-2*, case number CV0C-0701738, filed in the Fourth Judicial District, Ada County. Based on the numerous documents that have been erroneously filed in this action, the Court will instruct Plaintiff to refrain from filing any more documents relating to the state court action in the present action. Plaintiff will also be ordered to file no more than two pending motions at one time. The motions shall not exceed twenty pages in length, and Plaintiff shall refrain from filing duplicate copies of exhibits already submitted to the Court. Once Plaintiff has filed two motions, no further motions shall be accepted from Plaintiff until an order has been issued on the pending motions.

The Court also notes that Plaintiff has filed seven additional lawsuits in federal court, and it appears that he is failing to include the proper case numbers on filings he sends to the Clerk's office. Plaintiff shall be ordered to include a proper caption with each filing, containing the correct case number.

**ORDER-3**

## REVIEW OF COMPLAINT

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### Forced Medication Claim

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff appears to be challenging the circumstances under which he was administered psychotropic medication against his will. These events occurred sometime during 1999 and 2003. It is not clear who administered the medication to Plaintiff, and the only individuals named as Defendants in the Complaint are John Does and unnamed deputies working for Ada County.

In *Washington v. Harper*, 494 U.S. 210, 110 S. Ct. 1028, 1040 (1990), the Supreme Court held "that, given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in

**ORDER-4**

the inmate's medical interest." *Id*. at 1040. Therefore, in order to proceed with this claim, Plaintiff must be able to show that he was not a danger to himself or others and that the treatment was not in his medical interest.

It also appears that Plaintiff may be alleging that Defendants violated his Eighth Amendment rights. For an inmate to state an Eighth Amendment claim under § 1983 for denial of adequate medical treatment, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)). The Supreme Court has opined that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.*

> The Ninth Circuit has defined a "serious medical need" as
>
> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

The Supreme Court has stated that the Eighth Amendment should be reserved for serious incidents causing "unnecessary and wanton infliction of pain," where such pain has been inflicted by prison officials' "deliberate indifference to the inmates' health or safety."

**ORDER-5**

*Hope v. Pelzer*, 536 U.S. 730, 736-37 (2002) (internal citations and punctuation omitted).

A state actor may have individual liability for depriving a plaintiff of a constitutional right if the state official is personally involved in committing an affirmative act, participates in another's affirmative act, or omits to perform an act which the person is legally required to perform. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). A plaintiff must link the state actor with the alleged constitutional violations in order to proceed with a lawsuit against him or her.

**Statute of Limitations**

The length of the statute of limitations for a civil rights action is governed by state law. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for professional malpractice, personal injury, and wrongful death actions. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations. Federal law governs when the cause of action accrues or the statute of limitation begins running. *Elliott v. Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

Plaintiff alleges that his constitutional rights were violated in 1999 and 2003. He alleges that he was unaware of the violation until 2006 when he allegedly began taking different psychotropic medication. Plaintiff is advised that his claims may be subject to

**ORDER-6**

dismissal based on a statute of limitations defense.

**Doe Defendants**

Plaintiff's Complaint only includes Doe Defendants and unnamed "jailers at Boise Jail in Ada County." He will not be authorized to proceed against the Doe Defendants until he has obtained their names. He must also name an employee of Ada County Jail as a Defendant in the amended complaint. In the event Plaintiff does not believe he can meet the standards set forth in the Initial Review Order, he may request voluntary dismissal of this action. The amended complaint shall be filed within thirty (30) days.

## PENDING MOTIONS

Plaintiff filed numerous motions with the Complaint in this action, and his first motion requests indigent filing status. Because the Court has determined that the Complaint is subject to dismissal, the request for indigent filing status is deemed moot. Plaintiff may renew his request for indigent filing status if he elects to file an amended complaint.

Plaintiff's motions requesting leave to supplement or amend the Complaint appear to relate to the lawsuit he filed in state court. Therefore, the motions requesting leave to amend or supplement will be denied. Plaintiff shall follow the Court's directives relating to the legal standards set forth above for filing an amended complaint. Plaintiff also filed a motion requesting a transfer from the institution in which he is currently incarcerated. It appears that the injunctive relief request is directed to the defendant named in the state court action,

Correctional Officer Crawford.[1]  Therefore, in the event Plaintiff needs to obtain copies of the pleadings he filed in federal court which were meant to be filed in the state court action, he may write to the Pro Se Unit, U.S. District Court, 550 W. Fort Street, Boise, Idaho 83724, and request that copies of the pleadings for the state court action be mailed to him.

Plaintiff's motion requesting an initial review of his Complaint is now moot because of this Order.  It also appears that Plaintiff may have requested that the state court remove his action to federal court.  *See Docket No. 17* (Motion to Show Cause that I filed correctly to have case moved to U.S. District Court).  Plaintiffs are not entitled to remove their claims to federal court, and there is nothing in the record showing that Plaintiff requested dismissal of the state court action in order to file it in federal court.

Based on the foregoing, Plaintiff's pending motions are either moot or shall be denied. In the future, Plaintiff shall refrain from filing multiple motions seeking the same relief.

---

[1] Prison housing assignments are functions wholly within the discretion of the prison administration.  *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976).  The Supreme Court has cautioned the federal courts not to interfere with the day-to-day operations of the prisons, especially those things related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (First Amendment claims).  Therefore, Plaintiff is advised that his request for a prison transfer fails to state a viable claim.

**ORDER-8**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state cognizable constitutional claims. He shall be given leave to file an amended complaint within thirty (30) days of this Order's date.

IT IS FURTHER HEREBY ORDERED that the Motion for Leave to Proceed in Forma Pauperis (Docket No. 1) is DENIED; the Motion to Amend/Correct Complaint (Docket No. 5, 6) is DENIED; the Motion to Expedite (Docket No. 7) is MOOT; the Motion for Settlement (Docket No. 10) is DENIED; the Motion to Expand Lawsuit (Docket No. 12) is DENIED; the Motion to Amend/Correct Complaint (Docket No. 13) is DENIED; the Motion for Preliminary Injunction (Docket No. 14) is DENIED; the Motion for Transfer (Docket No. 15) is DENIED; the Motion for Initial Review (Docket No. 16) is MOOT; the Motion for Order to Show Cause (Docket No. 17) is DENIED; and the Motion Re Documents (Docket No. 18) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff shall refrain from filing any more documents relating to the state court action in the present action. Plaintiff shall file no more than two pending motions at one time, and the motions shall not exceed twenty pages in length. Plaintiff shall refrain from filing duplicate copies of exhibits already submitted to the Court. Once Plaintiff has filed two motions, no further motions shall be accepted from Plaintiff until an order has been issued on the pending motions. Plaintiff shall include a proper caption with each filing, containing the correct case number. Failure to comply with

**ORDER-9**

the directives relating to the Court's management of the docket in this action may result in the dismissal of this action.

DATED: **October 24, 2007**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**ORDER-10**