IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROBERT HEIZELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. CV07-127-S-EJL |
| vs. | ) | |
| | ) | |
| ADA COUNTY DEPUTIES and | ) | **MEMORANDUM ORDER** |
| JOHN DOES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Previously in this civil rights matter the Court dismissed Plaintiff's Complaint and entered Judgment dismissing the case without prejudice. (Docket Nos. 25, 27.) Currently pending before the Court is Plaintiff's Motion to Set Aside Order to Dismiss [and] For Leave to File [an] Amended Complaint. (Docket No. 29.) Plaintiff has lodged an Amended Complaint with his Motion.

Good cause appearing, the Court shall grant Plaintiff's Motion and shall reopen this case.

## BACKGROUND

On March 14, 2007, Plaintiff filed a civil rights Complaint under 42 U.S.C. § 1983. In his Complaint, Plaintiff alleged, in relevant part, that he was forced to take psychotropic medication against his will in 2003 at the State Hospital North in Orofino and at the Ada County Jail. He named as defendants in this action "Deputies at the Ada County Sheriff's Office" and John Does. (Docket No. 3, p. 1.)

**MEMORANDUM ORDER - 1**

The Court conducted an initial review of the Complaint and found that Plaintiff had failed to state cognizable claims. In particular, the Court instructed Plaintiff that he was required to name the specific defendants who allegedly forcibly medicated him. (Docket No. 19, p. 5.) The Court also noted that the statute of limitations may have expired because the events occurred more than two years before he filed his Complaint. (Docket No. 19, pp. 6.)

Plaintiff filed an Amended Complaint, in which he again alleged that he was forcibly medicated with excessive dosages of psychotropic medication while in state custody. This time, he named the prosecutor and defense counsel in his criminal case as defendants, in addition to David Sanford, a psychologist who conducted mental evaluations of Plaintiff, and Fraun Flerchinger, a psychiatrist and the clinical director at the State Hospital North. (Docket No. 21, p. 1.)

After reviewing the Amended Complaint, the Court concluded that Plaintiff's allegation of forced medication sufficiently stated a claim for relief under the Constitution. (Docket No. 25, pp. 6-7.) The Court further determined that because Plaintiff alleged that he did not become aware of the factual basis for this claim until his mind cleared after his medication had been changed in 2006, the statute of limitations did not begin to run until then. (Docket No. 25, p. 6.) Nevertheless, the Court found that the Amended Complaint was deficient because Plaintiff still had not clarified who was responsible for administering the medication to him. The Court gave Plaintiff 30 days in which to submit another amendment,

**MEMORANDUM ORDER - 2**

"containing only the allegations and defendants related to the forced medication claim."[1] (Docket No. 25, p. 12.)

When Plaintiff failed to submit an amended complaint by the deadline, the Court dismissed the case without prejudice to refiling. (Docket No. 27.) Within seven days of dismissal, Plaintiff filed the pending Motion. (Docket No. 29.)

### MOTION TO SET ASIDE ORDER TO DISMISS

In support of his request to set aside the Judgment, Plaintiff contends that he attempted to file a timely Amended Complaint, as directed by the Court, but that it was either not sent by prison officials or not received and docketed by the Clerk of Court. (Docket No. 29, pp. 2-3.) As proof, he has lodged the proposed Amended Complaint, which contains a certificate of mailing signed by Plaintiff, indicating that he allegedly put it in the prison mail system to be forwarded to the Court on June 16, 2008, well within the deadline. (Docket No. 28, p. 6.)

Plaintiff's Motion is governed by Rule 59(e) of the Federal Rules of Civil Procedure. A district court has considerable discretion whether to grant a Rule 59(e) motion to reconsider its judgment, and while the Rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources," *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003), the Court finds that it is in the interests of

---

[1] The Court also ruled that Plaintiff could not proceed against the prosecuting attorney and defense counsel and that any claims that called into doubt the revocation of his probation in his criminal case were barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Moreover, allegations against Dr. Sanford failed to state a cognizable claim because Plaintiff failed to put forward any facts showing that Dr. Sanford had been deliberately indifferent to his medical care.

**MEMORANDUM ORDER - 3**

justice to reopen this case and to allow the amended pleading to be filed.  The case was dismissed without prejudice, and no defendants have yet appeared in this action.

Accordingly, Plaintiff's Motion shall be granted.

## REVIEW OF THE AMENDED COMPLAINT

The Court is required to review complaints that seek relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim for relief under section 42 U.S.C. § 1983, Plaintiff must allege facts showing that the defendants, acting under color of state law, deprived him of rights secured by the Constitution or federal statutes.  *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

In his proposed Amended Complaint, Plaintiff again contends that he was involuntarily taken to the State Hospital in 2003, where he was medicated with "no hearing or informed consent," and that he was then brought back to the Ada County Jail "20 some days later." (Docket No. 28, p. 2.)  He alleges that he was put in a solitary confinement cell for over a year, and that he was "injected forcibly without a judge's order with massive quantities of drugs," that he "experienced severe memory loss, and blackouts from this period of time." (Docket No. 28, pp. 2-3.)  He also asks to retain "the right to name the unknown people that assaulted me with needles" after engaging in discovery.  (Docket No. 28, p. 3.)

**MEMORANDUM ORDER - 4**

The Court previously found that while these facts appear to state a claim for relief, Plaintiff would be unable to proceed until he can name the individuals who allegedly medicated him without his consent. (Docket No. 19, p. 5; Docket No. 25, p. 7.) This is necessary so that service of process can be made on the correct defendants, who can then answer and defend against the allegations. Currently, Plaintiff lists Clearwater County, Elmore County, Ada County, and "John and Jane Does" as potential defendants. (Docket No. 28, p. 1.)

Plaintiff has provided no factual allegations that would implicate Clearwater County or Elmore County in the forced medication claim, and he cannot proceed against those governmental units at the present time.[2] Plaintiff does allege that he was forcibly medicated while in the Ada County Jail, and while he "cannot give the names of the people involved with forced drugging at the Ada County Jail because [he does] not remember anyone from that time," he claims that he is entitled to proceed against Ada County directly for compensatory damages. (Docket No. 29, pp. 1-2.)

Local or county governments cannot be held vicariously liable for the acts of their employees under 42 U.S.C. § 1983, but Plaintiff is correct that an individual may sue a local

---

[2] The Court takes judicial notice that the State Hospital North at Orofino is in Clearwater County, but there are no allegations that would link Clearwater County as a governmental body with any actions taken against Plaintiff while he was at the State Hospital North. Also, though Plaintiff's felony conviction occurred in Elmore County, he has not alleged any link between that county and the forced medication claim beyond a vague assertion that unnamed county officials plotted a "conspiracy" against him.

**MEMORANDUM ORDER - 5**

or county government directly under § 1983 when he alleges that the execution of the government's policy, custom, or practice caused his injury. *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 690 (1978).  Here, however, Plaintiff has failed to allege any facts from which one could reasonably conclude that he was unconstitutionally drugged pursuant to a *policy, custom,* or *practice* at the Ada County Jail.  He has not claimed that expressly, and such a conclusion cannot be inferred from other allegations in the Amended Complaint.  Instead, he claims that unknown individuals took him from the Ada County Jail and transported him to the State Hospital, where he was then medicated.  He was returned to Ada County, where he was again "injected forcibly without a judge's order with massive quantities of drugs." (Docket No. 28, pp. 2-3.)

Accordingly, Plaintiff has still failed to state a claim for relief against identifiable defendants, and his Amended Complaint is subject to dismissal.  *See* 28 U.S.C. § 1915(e)(2). In light of Plaintiff's *pro se* status, the Court will give him one final opportunity to amend his complaint.  Within 30 days of the date of this Order, Plaintiff may file an amended pleading under this case number, which he shall clearly label as a "Third Amended Complaint."  <u>The amended pleading shall include no claims or factual allegations other than those related to the forced medication claim</u>.  Plaintiff shall also name at least one identifiable defendant, in addition to any John or Jane Doe defendants, such as the individual who was in charge of his confinement or who directed his medical treatment while he was in custody, provided that Plaintiff alleges a link between that individual and the forced

**MEMORANDUM ORDER - 6**

medication claim.[3]  If Plaintiff continues to believe that Ada County is an appropriate defendant, he must allege facts in his amended complaint showing that his injury was a result of a policy, custom, or practice at the Ada County Jail.

While the Court recognizes that Plaintiff asserts that the side effects of the medication clouded his memory and have now made it difficult for him to identify those who purportedly harmed him, he is no longer incarcerated and presumably has the ability to conduct a limited investigation on his own to gather the facts that have eluded him, such as potentially accessing his medical records, if any, held at state and county agencies or institutions (e.g., Ada County, Idaho Department of Health and Welfare, Idaho Department of Correction).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Set Aside Order to Dismiss and For Leave to File This Amended Complaint (Docket No. 29) is GRANTED.  The Judgment (Docket No. 27) shall be VACATED, and the Clerk of Court shall reopen this case.  The Clerk shall also send a copy of this Order to the Ninth Circuit Court of Appeals in Appeal No. 09-35013.

IT IS FURTHER ORDERED that if Plaintiff wishes to proceed, he shall file a third amended complaint within 30 days of the date of this Order, in accordance with the instructions provided herein.  At his option, Plaintiff may alternatively choose to voluntarily

---

[3] For instance, Plaintiff previously named Dr. Fraun Flerchinger, the clinical director at the State Hospital North when Plaintiff was detained there. (Docket No. 21, p. 1.)  Dr. Flerchinger might be a proper defendant if Dr. Flerchinger directed, or knowingly permitted, Plaintiff to be forcibly medicated while he was confined at the State Hospital North, but Plaintiff has not yet included any allegations to that effect.

**MEMORANDUM ORDER - 7**

dismiss the case without prejudice by filing a notice of voluntary dismissal.

IT IS FURTHER ORDERED that if Plaintiff files a third amended complaint, he must also submit a new application to proceed in forma pauperis to demonstrate that he is still entitled to proceed as an indigent in this matter.

DATED: **June 3, 2009**

_____
~~Honor~~able Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 8**